UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-8544-JLS (SK)                              Date: December 8, 2022

Title   Henry C. Lawag v. Warden

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:          Attorneys Present for Respondent:

None present                                                  None present

**Proceedings:**         (IN CHAMBERS) **ORDER TO SHOW CAUSE**

   Petitioner is an inmate at Valley State Prison seeking federal habeas relief under 28 U.S.C. § 2254 for a conviction sustained in a Santa Barbara County Superior Court. (ECF 1 at 1). But his petition is deficient for at least four reasons.

   First, Petitioner does not name a respondent. (For clerical processing only, the Clerk's office used "Warden" as a placeholder respondent.) The proper respondent is whoever has custody over the petitioner, usually the warden of the facility where the petitioner is incarcerated. *See Smith v. Idaho*, 392 F.3d 350, 354-55 (9th Cir. 2004). Naming the incorrect respondent deprives this court of personal jurisdiction. *Id.*

   Second, the petition appears to be untimely by nearly 6 years. Petitioner was sentenced in late 2015. (ECF 1 at 1). Because he did not appeal, his conviction became final after 60 days. *See* Cal. R. Ct. 8.308(a). This means he had to petition this Court within a year from that date, around early 2017. *See* 28 U.S.C. § 2244(d)(1). With no showing of equitable or statutory tolling, this petition is untimely. *See id.* § 2244(d)(2); *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020).

   Third, Petitioner fails to state to state any cognizable grounds for relief. *See* Rule 2(c) of Rules Governing § 2254 Cases. He mentions California Penal Code §§ 1170.9 and 1170.91(b) but those statutes allow the *sentencing state* trial court to considering granting probation or recalling a sentence for service members suffering from enumerated injuries or illnesses. And he only summarizes the facts of his underlying conviction but asserts no grounds for relief.

   Fourth, even if Petitioner were to file an amended petition that complies with pleading requirements, he would still be extremely limited in what he could allege as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-8544-JLS (SK)                                   Date: December 8, 2022

Title   Henry C. Lawag v. Warden

cognizable federal habeas claim given that he pled guilty in state court. (ECF 1 at 5). Challenges to alleged violations of federal law that occurred pre-plea are generally not cognizable. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *but see Blackledge v. Perry*, 417 U.S. 21, 30 (1974); *Menna v. New York*, 423 U.S. 61, 62-63 (1975). Even claims concerning the constitutionality of the plea itself are limited to whether the plea was voluntary and intelligent or to whether counsel provided effective assistance of counsel concerning the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Mahrt v. Beard*, 849 F.3d 1164, 1170-71 (9th Cir. 2017).

      For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **January 4, 2023** why his petition should not be dismissed for lack of jurisdiction, untimeliness, and failure to comply with the Rules Governing § 2254 Cases. To discharge this order, Petitioner may file an amended petition using the attached Form CV-69 if he can cure these deficiencies. If he cannot fix these deficiencies or no longer wishes to purse this petition for any reason, he may voluntarily dismiss it using the attached Form CV-09. In any case, failure to comply with this order may result in involuntary dismissal of the petition for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.